IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No.   21-3337

_____

EDUARDO ROSARIO,

*Applicant-Appellant,*

versus,

ALEX TORRES PRODUCTIONS, INC., er. Al.,

*Respondents-Appellees.*

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**2:20-cv-02966-MSG**

---

# APPLICANT-APPELLANT'S BRIEF IN SUPPORT OF HIS MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Keith Altman, Esq.
Law Office of Keith Altman
Attorneys for Applicant
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

# **TABLE OF CONTENTS**

TABLE OF AUTORITIES ................................................................................... 3

PRIOR RELATED APPEALS............................................................................... 4

APPELLANT'S RULE 26.1 CORPORATE DISCLOSURE STATEMENT......... 4

STATEMENT CONCERNING ORAL ARGUMENT ......................................... 4

STATEMENT OF JURISDICTION ..................................................................... 4

STATEMENT OF ISSUES PRESENTED FOR REVIEW .................................. 5

STATEMENT OF RELATED CASES.................................................................. 5

STATEMENT OF THE CASE .............................................................................. 5

STANDARD OF REVIEW ................................................................................... 6

SUMMARY OF ARGUMENT ............................................................................. 6

ARGUMENT ......................................................................................................... 6

   A. The Order issued by Judge Eduardo C. Robreno is a Collateral Order: ......... 6

   B. The District Court erred in dismiss of Appellant Counsel's Pro Hac Vice ...10

CONCLUSION .....................................................................................................10

CERTIFICATE OF BAR MEMBERSHIP............................................................12

IDENTICAL PDF AND HARD COPY CERTIFICATE .....................................12

CERTIFICATE OF COMPLIANCE ....................................................................13

CERTIFICATE OF SERVICE...............................................................................13

# **TABLE OF AUTORITIES**

**Cases**

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949) .....7, 8
*Digital Equipment Corp. v. Desktop Direct, Inc*. 128 L. Ed. 2d 842 (1994)..7, 8, 10
*Johnson v. Jones*, 515 U.S. 304 (S. Ct. 1995)........................................................ 9
Praxis *Properties, Inc. v. Colonial Sav. Bank, S.LA.*, 947 F2d. 49 (3rd Cir, 1991) . 7
*Swint v. Chambers County Com'n*, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995)........ 8
*United States v. Bertoli*, 994 F.2d 1002 (3rd Cir. 1993) ...................................7, 8, 9

**Statutes**

28 U.S. Code § 1291 ...............................................................................................10
28 U.S. Code § 1295 ................................................................................................ 5
28 U.S. Code § 2253 ................................................................................................ 6
42 U.S. Code § 12182 .............................................................................................. 4

**Rules**

Federal Rules of Appellant Procedure 26.1(a)......................................................... 4
L.A.R. 28.1(a)(1) ..................................................................................................... 5

## PRIOR RELATED APPEALS

There are no prior appeals filed in this Court.

## APPELLANT'S RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Applicant-Appellant, Eduardo Rosario, is a natural person. As such, a corporate disclosure statement is not required. Federal Rules of Appellant Procedure 26.1(a).

## STATEMENT CONCERNING ORAL ARGUMENT

Applicant-Appellant respectfully requests oral argument concerning the issues raised herein in the event this Court should grant the Certificate of Appealability. The issues raised herein present important questions of a constitutional dimension and Applicant-Appellant believes this Court would be aided in its deliberations by the presence of counsel being the Court to comment upon the issues and respond to inquiries from the Court.

## STATEMENT OF JURISDICTION

This is an action for Declaratory and Injunctive relief wherein the U.S District Court had original jurisdiction pursuant to 42 U.S.C. § 12182. This is an

appeal from an Order of the United State District Court for the Eastern District of Pennsylvania, entered on November 23, 2021. Notice of Appeal as timely on December 22, 2021. Accordingly, this Court had jurisdiction pursuant to 28 U.S. Code § 1295.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Appellant-Applicant is unable to comply with L.A.R. 28.1(a)(1) as there were no hearings affording Appellant the right to object and present his issues prior to the issuance of the Order.

1. Whether the U.S. District Court Judge erred in dismissing Appellant's counsel.

## STATEMENT OF RELATED CASES

To counsel knowledge, there are no other related cases or proceedings that are before any other court or agency, state or federal.

## STATEMENT OF THE CASE

On February 10, 2019, Appellant, a disabled individual allegedly confined to a wheelchair, visited the Respondent's restaurant, located at 701 Adams Avenue, Philadelphia, PA, to attend a comedy show. Appellant was informed about this

comedy show through promotions initiated by Respondent, Alex Torres Productions, Inc.

Appellant alleges that he was denied access and entry to Respondent's restaurant and/or to that portion of the restaurant where the comedy show took place, alleging that Respondent's restaurant restricted Appellant's ability to view the comedy show.

## STANDARD OF REVIEW

To show that a Certificate of Appealability should be issued under 28 U.S. Code § 2253.

## SUMMARY OF ARGUMENT

Appellant has been deprived of his rights which includes having and retaining counsel of his choice to represent him in the present lawsuit.

## ARGUMENT

**A. The Order issued by Judge Eduardo C. Robreno is a Collateral Order:**

On November 23, 2021, Judge Eduardo C. Robreno issued an Order barring Appellant's counsel from continued representation on the case. The Order issued is not a final judgement in the District Court claim, making it not appealable as a

matter of right. Appellate jurisdiction is generally limited to the review of final decisions of the district courts. *United States v. Bertoli*, 994 F.2d 1002 (3rd Cir. 1993).

*Cohen* relaxes the strict standard of finality by permitting us to entertain certain orders that would not otherwise be appealable. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221 (1949). The Court held that collateral orders amount to 'final decisions,' immediately appealable under …. 28 U.S. Code § 1291, even though the district court may have entered those orders before the case has ended. *Id.*

The collateral-order doctrine is a judicially created exception to the regular final-judgement rule. It deems certain district court decisions final and appealable if the three conditions are met. The case law on collateral order doctrine is extensive and the groundwork for the requirements are clear:

(1)   Conclusively resolve the appealed issue;

(2)   Present an important issue that is completely separate from the merits; and

(3)   Be effectively unreviewable in an appeal from a final judgment.

*Digital Equipment Corp. v. Desktop Direct, Inc*. 128 L. Ed. 2d 842 (1994), Praxis *Properties, Inc. v. Colonial Sav. Bank, S.LA.*, 947 F2d. 49 (3rd Cir, 1991).

Where an order satisfies the three-pronged test, an appellate court may exercise jurisdiction even though the order is not final.

An Order "is conclusive when no further consideration is contemplated by the district court. *United States v. Bertoli*, 994 F.2d 1002 (3rd Cir., 1993). The conclusiveness prong of the three-prong test excludes from review "any decision which is tentative, informal, or incomplete." *Swint v. Chambers County Com'n*, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995).

The district court Order barring Appellants counsel is separable from the main cause of action. The Court need not review the merits of the case to determine that the District Court erred in issuing the Order. The Order is the district court's final word on Appellant's counsel remaining with the case.

The claim for review must be too important to be denied review. *Cohen*, 337 U.S. at 546. The unprotected interests of Appellant, without immediate appeal are significant to the efficiency interests served by the final order rule. Importance is over reviewed as part of the third prong, as it "simply cannot be answered without a judgment about the value of the interests that would be lose through rigorous application of a final judgement requirement." *Digital Equipment Corp. v. Desktop Direct, Inc*. 128 L. Ed. 2d 842 (1994).

The importance of effective counsel is at the core of American public policy in litigation. Individuals have the right to retain counsel of their choosing. The District Court took away this right from Appellant when they barred counsel from continuing the case. The District Court articulating that Appellant must find other counsel or continue pro se procedurally prejudices the Appellant. Appellant sought out his counsel of choice to represent him, taking into account how his claim would be litigated and deciding which counsel will give him the best outcome of his claim. Removing Appellant's counsel is of grave importance.

To third prong of unreviewability is met when "an order must be such that review postponed will, in effect, be review denied. *Bertoli*, 994 F.2d at 1012. "Unreviewability means that failure to review immediately may well cause significant harm. *Johnson v. Jones*, 515 U.S. 304 (S. Ct. 1995). If the District Court's Order is allowed to stand, Appellant will be required to move forward with his claim without adequate counsel. Appellant will not receive a fair trial and suffer irreparable harm. The issue representation by counsel on a case is of utmost importance, is separate and district from the merits of the case and unreviewable following a final judgement.

Thus, the relevant District Court order meets the three requirements for a collateral order, that appellate review of the issue concerning the order is appropriate under 28 U.S. Code § 1291.

### B. The District Court erred in dismiss of Appellant Counsel's Pro Hac Vice

The district court went further in the Order to revoke Appellant counsel's Pro Hac Vice to the United States District Court for the Eastern District of Pennsylvania. The imposition of revoking Pro Hac Vice is of a significant burden on the reputation of Appellant's counsel. Appellant counsel will now need to disclose on all future Pro Hac Vice applications that his Pro Hac Vice has been revoked in the past.

In *Digital Equipment*, the Court noted that "the imposition of attorney sanctions may impose significant burdens on the reputation and career opportunities of the sanctioned attorney. We believe, such potential harm, absent compliance with the constitution protection of due process, coupled with the lack of later opportunity for effective appellate review, is sufficient to meet the importance requirement of the collateral order doctrine. *Digital Equipment*, 114 S. Ct. at 2002.

## CONCLUSION

For the aforementioned reasons, Appellant respectfully requests this Court to reverse the Order issued by the United State District Court for the Eastern District of Pennsylvania and allow Appellant's chosen counsel to proceed in the case.

Dated: April 12, 2022						Respectfully Submitted,

*[signature]*

Keith Altman, Esq.
Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Applicant-Appellant*

## CERTIFICATE OF BAR MEMBERSHIP

The undersigned hereby certifies pursuant to L.A.R. 46.1 that the attorney whose name appears on the Brief of Appellant was duly admitted to the Bar of the United States Court of Appeals for the Third Circuit, and is presently a member in good standing at the Bar of said Court.

Dated: April 12, 2022               */s/ Keith Altman*
                                                Keith Altman, Esquire
                                                Attorney for Applicant-Appellant

## IDENTICAL PDF AND HARD COPY CERTIFICATE

The undersigned hereby certifies that the PDF file and hard copies of this brief are identical.

Dated: April 12, 2022               */s/ Keith Altman*
                                                Keith Altman, Esquire
                                              Attorney for Applicant-Appellant

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,885 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 in font 14, Times New Roman.

Dated: April 12, 2022         */s/ Keith Altman*
                              Keith Altman, Esquire
                              Attorney for Applicant-Appellant

## CERTIFICATE OF SERVICE

I, Keith Altman, Esquire, hereby certify that Appellant-Applicant's Brief were served upon Defendant's via electronic filing on the ECF System, this 12 day of April 2022 upon the following:

**John J. Griffin, Esq.**
**Law Office of John J. Griffin**
**P.O. Box 571**
**Lafayette Hill, PA 19444**

Dated: April 12, 2022         */s/ Keith Altman*
                              Keith Altman, Esquire
                              Attorney for Applicant-Appellant